BLUMENTHAL et al. v. SHAW.

(Circuit Court of Appeals, Third Circuit. November 6, 1895.)

No. 17.

WRIT OF ERROR—FINAL JUDGMENT—QUESTION NOT RAISED BELOW.
A writ of error was sued out after the time limited by law, and thereafter the plaintiff in error moved in the appellate court to dismiss the same on the ground that no final judgment had been entered in the court below. The record entry in that court was as follows: "Verdict for plaintiff, and his damages assessed at $1,000, besides costs, & judgment accordingly." *Held*, that under the peculiar circumstances of the case the appellate court would not determine the question whether such entry was valid and conclusive of judgment, but would remit the case to the court below in order that it might first have an opportunity to pass upon the question.

In Error to the Circuit Court of the United States for the District of Delaware.

This was an action at law by Mark A. Shaw against Ferdinand Blumenthal and Julian S. Ulmann, trading as F. Blumenthal & Co. There was a verdict for plaintiff in the circuit court, and defendants sued out a writ of error. They now move to dismiss their writ of error on the ground that there is no judgment of the circuit court to which a writ of error could properly be taken.

The record entries of the proceedings in the circuit court, beginning with the trial, were as follows:

"1894, Nov. 20th, trial, and jury drawn and sworn. 1894, Nov. 22d, motion for nonsuit. 1894, Nov. 23d, motion denied. 1894, Nov. 21st, 22d, 23d, and 24th trial continued. 1894, Nov. 24th, verdict for plaintiff, and his damages assessed at one thousand dollars, besides costs, & judgment accordingly. 1894, Nov. 24th, defendants move for a new trial. Ordered, that reasons be filed for the same in four days. 1895, July 25th, bill of exceptions signed, sealed, and filed. 1895, July 25th, defts.' petition praying for allowance of writ of error filed with assignments of error. 1895, July 25th, order allowing writ of error, and that petitioners execute bond with surety in $3,000. 1895, July 25th, said defts.' and petitioners' bond on writ of error in $3,000 filed. 1895, July 25th, said bond approved. 1895, July 25th, writ of error issued, with the approval of the district judge indorsed thereon, and copy lodged. 1895, July 25th, citation to deft. in error issued, marshal returns served, etc. 1895, Aug. 9th, citation filed."

The minutes of the court under date November 24, 1894, omitting the caption, etc., are as follows:

"The trial of the issues herein was resumed and concluded, and the court charged the jury.

"Verdict: 'And the jurors aforesaid, upon their oaths and affirmation aforesaid, do say that they find for the plaintiff, and assess his damages at the sum of one thousand dollars, besides costs.'

"The defendant moves for a new trial, and thereupon it is ordered that reasons for the same be filed in four days. The jurors were discharged from any further attendance, at this term. Court then adjourned until Monday next, at 10 o'clock a. m."

Willard Saulsbury, for plaintiffs in error.

Herbert H. Ward, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges.

PER CURIAM. We have very carefully considered the motion of the plaintiff in error for the dismissal of his writ of error in this case upon the ground that there was and is no final judgment in the court below. We, however, think it is not desirable that we should, upon the present motion, decide whether, when the writ of error issued, there was or was not such a judgment. We remit that question to the circuit court. Whether the entry of November 24, 1894, should be taken as a valid and conclusive entry of judgment in the cause is one which, in our judgment, should, under the peculiar circumstances of this case, be brought before the court whose judgment is in question, and be by that court considered, before calling upon us to pass upon it. That the entry referred to was made irregularly and prematurely, if the general practice with which we are familiar should be applied to it, we have no doubt; and it may well be that, upon examination and full consideration of the subject, the circuit court, which as yet has not had occasion to consider it, will be able to correct its record, by striking off the entry of November 24, 1894, as having been improvidently made, and so relieve the plaintiff in error from the situation, in which he apparently stands, of having sued out his writ of error after the period allowed by the statute had expired. It is accordingly ordered that the writ of error in this case be, and is hereby, dismissed without prejudice, and that the record be remitted to the circuit court for the district of Delaware, with leave to the plaintiff in error to proceed in that court as he may be advised.